IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIAZ DUNCAN | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-460-SMY-DGW |
| REBECCA WASKOM and MARION COUNTY CHILD SUPPORT DIVISION, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Diaz Duncan has filed ten separate lawsuits in this Court between February 21, 2018 and March 27, 2018[1]. In eight of the cases, as best as the Court can discern from the Complaints, it appears that Duncan seeks to alter, amend, or otherwise relieve himself of various child support obligations imposed by an Indiana court. Duncan names as defendants the Marion County Child Support Division, Sarah Johnson, and Rebecca Waskom.

In his other two cases, Duncan is attempting to annul his marriage to a former spouse that occurred in Indianapolis, Indiana. He names the Marion County Marriage License Division and its office manager, "Ms. Mimms" as defendants. In each lawsuit, Duncan has filed motions for leave to proceed *in forma pauperis* ("IFP"). For the following reasons, Duncan has failed to state a cognizable claim in any of his lawsuits and, thus, the motions are **DENIED**.

---

[1] The cases are all pending before the undersigned District Judge: *Duncan v. Waskom et al*, Case No. 18-cv-460; *Duncan v. Johnson et al*, Case No. 18-cv-461; *Duncan v. Waskom et al*, Case No. 18-cv-502; *Duncan v. Johnson et al*, Case No. 18-cv-503; *Duncan v. Waskom et al*, Case No. 18-cv-536, *Duncan v. Johnson et al*, Case No. 18-cv-537; *Duncan v. Johnson*, Case No. 18-cv-575; *Duncan v. Waskom et al*, Case No. 18-cv-576; *Duncan v. Mimms*, Case No. 18-cv-595; and *Duncan v. Mimms et al*, Case No. 18-cv-627.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts, and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Duncan has demonstrated his indigence in this case. In his motion and accompanying affidavit, Duncan states that he is currently employed by The Home Depot in Marion, Illinois. His gross wages are $567.00 bi-weekly and, after taxes, his take-home wages are approximately $200.00 bi-weekly. He has no other income and no savings. Duncan supports his wife and minor children. In addition, he has significant debts, including child support garnishment, student loans, and delinquent federal and state taxes. Based upon this information, Duncan is unable to pay the costs of commencing his lawsuits.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court is required to determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the

same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). As such, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

While *Pro se* plaintiffs' allegations are given particular lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. *See e.g. Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding the plaintiff's complaint was too verbose and convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).

Duncan's eight Complaints against Defendants Marion County Child Support Division, Waskom, and Johnson are substantially similar:

- 18-cv-460 and 18-cv-461: Duncan alleges that from 2012 to the present, Defendants have violated his constitutional rights by "false claims which led to excessive debt; inability to challenge or modify debt; inadequate standards of living; inability to support four dependents within household; financial, mental, emotional, employment, and physical damages incurred; illegal garnishment practices." He seeks an order requiring Defendants to cease collections to prevent further damages and to prevent imminent homelessness to his family.

- 18-cv-502 and 18-cv-503: Duncan alleges that Defendants have violated his rights as follows: "debt has created inadequate standards of living; inability to support four dependents within household; collections threatens dependents educational progress; Illinois State taxes from 2011, 2015, 2016, and 2017 are still due; federal taxes from 2015, 2016, and 2017 are still due; student loans have gone into default; inpatient hospital bill for a nervous breakdown and major depression in 2013 are still outstanding." Duncan asserts that he cannot continue offsetting state and federal tax payments and his children's biological fathers have been incarcerated (no incoming child support). Duncan

seeks compensatory damages in the amount of $100,000 and punitive damages in the amount of $250,000.

- 18-cv-536 and 18-cv-537: Duncan alleges that a Restraining Order was issued denying parenting time. He moved to Illinois and the distance created the eventual dissolution of his relationship with his child. This resulted in emotional damages. Duncan further alleges that the judge stated in the hearing that parenting time could not be issued. When Duncan tried to pursue parenting time in 2015, "father obtained a copy of the restraining order and a statement was written on the copy that the judgment will not interfere with parenting time." He asserts that the only gain from the order was financial. Duncan claims financial, emotional, mental damages along with reoccurring homelessness over the course of 7-8 years prevented him from being able to file suit. Duncan seeks an award of compensatory damages in the amount of $250,000 and punitive damages in the amount of $500,000 due to Defendants' interference created by false claims, emotional damages, and the dissolution of his only traceable line of familial descent.

- 18-cv-575 and 18-cv-576: Duncan alleges that he is still feeling the effects from his nervous breakdown from 2013. He currently has to deal with gossip at work due to child support agency informing the HR Department of his excessive financial demands. Duncan fears information received from potential employers from his background and credit checks due to his inability to repay medical bills and creditors. He further alleges that, although he has a degree, he had to relocate to Illinois and does not have assistance from career services at his school to help him find gainful employment. Duncan alleges that he has anxieties from not being able to pay monthly bills and fears of declining educational opportunities for his three step-children. He asserts paranoia from threats alluding to suspension of driver's license, garnishments, tax liens, and incarceration along with depression from the loss of his only bloodline. Duncan claims suicidal thoughts, isolation from family, loss of sleep, and dependency on sleeping pills. He alleges the Defendants are the cause of his ailments. He seeks compensatory damages in the amount of $500,000 and punitive damages in the amount of $750,000.

A careful review of Duncan's Complaints fails to reveal a claim for which relief may be granted by a federal court. *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). Moreover, Rule 8(a)(2) warrants dismissal because the requirement that the statement of a claim be "plain" necessitates that it be intelligible. *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011). From what the Court can discern, Duncan's allegations arise from decisions made by an Indiana court regarding child support payments and garnishment. Duncan does not articulate how the Defendants were involved in the underlying actions or why he has named them in his lawsuits.

His allegations have no basis in fact or law, rendering the Complaints legally frivolous. Thus, dismissal is appropriate.

Additionally, it is well-established decisions under the principles of abstention and what is commonly referred to as the *Rooker-Feldman* doctrine that federal courts do not have jurisdiction to meddle in certain state court decisions. Under the *Rooker-Feldman* doctrine, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment—an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.'" *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996). Duncan's allegations are all sourced to state court actions. Therefore, this Court lacks jurisdiction to entertain his claims.

Based on the foregoing, Duncan fails to present any factually or legally meritorious grounds for his lawsuits to proceed before this Court. Accordingly, Plaintiff's Complaints are **DISMISSED with prejudice** and his motions to proceed *in forma pauperis* are **DENIED**.

As Plaintiff has filed 10 Complaints thus far in this Court, further discussion is warranted. Specifically, Plaintiff is **ADVISED** that under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bands. In *Alexander*, the Court warned that if the petitioner filed any further frivolous petitions, he would be fined $500; the fine would have to be paid before he could commence any other civil litigation, and any action would be summarily dismissed thirty days after filing unless otherwise ordered by the court. Plaintiff should keep *Alexander* and *Mack* in mind before filing any additional actions related to his Indiana state court child support and child custody proceedings in this Court. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 2, 2018**

                                              **s/ Staci M. Yandle_____**
                                              **STACI M. YANDLE**
                                              **United States District Judge**